IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DISTRICT 1199NM, NATIONAL
UNION OF HOSPITAL AND
HEALTHCARE EMPLOYEES,
AFSCME, AFL-CIO,**

        **Plaintiff,**

**v.**                                      **No. 16-CV-774**

**CHRISTUS ST. VINCENT
REGIONAL MEDICAL CENTER,**

        **Defendant.**

## PETITION TO CONFIRM ARBITRATION AWARD
## AND REQUEST FOR INJUNCTIVE RELIEF

NOW COMES Plaintiff District 1199NM, National Union of Hospital and Healthcare Employees, AFSCME, AFL-CIO, by and through its counsel, Youtz & Valdez, P.C. (Shane Youtz, Stephen Curtice, James Montalbano), and hereby requests that this Court enter an order confirming the arbitration award issued by Arbitrator Robert Monnaville on May 26, 2016, under 29 U.S.C. § 185(a) and 9 U.S.C. § 9. The Employer, Christus St. Vincent Regional Medical Center, has refused to comply with the arbitration award. (The Award is attached hereto as Exhibit 1.)

## FACTUAL BACKGROUND

1.      Plaintiff seeks to enforce an arbitration award issued by Arbitrator Robert Monnaville, and brings this action pursuant to 29 U.S.C. § 185(a) to enforce an arbitration decision in which the arbitrator ordered Defendant to reinstate Grievant Juanita Trujillo with back pay. Defendant has failed and refuses to comply with the Arbitrator's award

-1-

2.	On May 26, 2016, Arbitrator Monnaville issued an award finding that the Employer, Christus St. Vincent Regional Medical Center, had violated the Collective Bargaining Agreement when it terminated, without just cause, Grievant Juanita Trujillo.

3.	The Employer was ordered, by Arbitrator Monnaville, to "reinstate the Grievant to her former position with full seniority by June 15, 2016," and to "make the Grievant whole for lost wages and benefits pursuant to Article 26.19.6 of the Collective Bargaining Agreement in effect at the time of her discharge."

4.	This is an action brought under 29 U.S.C. § 185(a) to enforce an arbitration award under a collective bargaining agreement between the Employer and the Union. That statutory provision provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." A suit under that provision is the appropriate vehicle to enforce an arbitration award procured under an agreement to arbitrate in a collective bargaining agreement. See *Textile Workers Union v. Cone Mills Corp.*, 268 F.2d 920, 925 (4th Cir. 1959).

5.	This Court has jurisdiction to confirm the Award under the Federal Arbitration Act. 9 U.S.C. § 9 (1947).

6.	Plaintiff, the Union, is the exclusive bargaining representative with respect to wages, hours, and other conditions of employment for employees for Christus St. Vincent.

7.	The Employer has entered into a series of collective bargaining agreements with the

Union in which parties have agreed to an arbitration process for contract disputes, including the instant dispute.

8. The relevant portions of the parties' collective bargaining agreement in effect for the arbitration, hereinafter referred to as "the Agreement," are attached hereto as Exhibit 2. Where parties cannot successfully resolve any alleged violation of the collective bargaining agreement, the agreement allows either party to submit the dispute to "final and binding arbitration."

9. Arbitrator Monnaville was selected by the parties to act as the arbitrator in the matter and held evidentiary hearings over three days, on October 6, 2015, and January 12-13, 2016, in which parties were allowed to offer evidence and argument supporting their positions.

10. On May 26, 2016, Arbitrator Monnaville issued an award finding that the Employer violated the collective bargaining agreement as described above.

11. The Employer has refused to comply with the award.

## LEGAL ARGUMENT

12. The award was not procured by corruption, fraud or other undue means; there was no evidence partiality or misconduct on the part of the arbitrator; the arbitrator did not exceed his powers; the hearings were conducted with proper notice and according to the standard rules of procedure; no objections to the jurisdiction of the arbitrator were raised by either party at any point in the proceedings.

13. Defendant refuses to comply with the attached award and Plaintiff hereby moves this Court for an Order confirming the award under Section 9 U.S.C. § 9. Defendant also moves this Court for an Order awarding Defendants its attorney's fees and other reasonable

expenses of litigation incurred in this proceeding pursuant to the New Mexico Uniform Arbitration Act, NMSA 1978, Section 44-7A-26 (2001).  *See also Typographical Union Local 16 v. Chicago Sun-Times*, 935 F.2d 1501 (7th Cir. 1991); *Dreis & Krump Mfg. Co. v. Machinists Dist. 8*, 802 F.2d 247, 253 (7th Cir. 1986); *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Texas Steel Co.*, 538 F.2d 1116, 1121 (5th Cir. 1976); *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 913 (11th Cir. 2006); *Latinamerican Theatrical Grp., LLC v. Swen Int'l Holding*, No. 2:13-CV-01270-CAS, 2013 WL 5563749, at *2 (C.D. Cal., Oct. 7, 2013).

14. Plaintiff requests that a preliminary injunction issue ordering Defendant to immediately reinstate Grievant Juanita Trujillo in order to mitigate the immediate dramatic impact on her ability to earn a wage and secure adequate health insurance coverage and in order to further the public policies of encouraging arbitration of labor disputes and respecting the outcomes of said arbitrations.

15. Plaintiff can show that (1) the Grievant will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause Defendant; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.  *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003).

16. Grievant was terminated more than 17 months ago and has struggled to find work that provides comparable pay and benefits, especially with the mark of "termination" on her record.  While future implementation of the arbitrator's award may make Grievant whole to the extent of any back pay owed, such future relief cannot address Grievant's day-to-day

struggle to pay bills, maintain a residence, and secure adequate health insurance coverage in the short term.  See *Whelan v. Colgan*, 602 F.2d 1060, 1062 (2d Cir. 1979).

17. No harm would befall Defendant if an injunction issued.  Grievant was employed at Defendant's Hospital for 25 years with a clear disciplinary record before the events during the final months of her employment that led to her unjust termination, and she continued to work for Defendant for more than a month after the alleged infraction that led to her termination, performing the exact same duties alleged to be at the center of the discredited infraction, with no incident.  *See Transamerica Delaval, Inc., Texas Forge Div. v. United Steelworkers of Am., AFL-CIO*, No. H-81-3201, 1982 WL 31238, at *2 (S.D. Tex. Feb. 26, 1982).

18. The granting of injunctive relieve would not be adverse to the public's interest; on the contrary, the public interest would be served by the reinstatement of Grievant.  Courts have "found that, in light of the strong public policy favoring enforcement of arbitration awards rendered pursuant to collective bargaining agreements, the issuance of a preliminary injunction … would serve the public interest." *Transamerica Delaval*, 1982 WL 31238, at *2; *see also Truck Drivers, etal. v. Almarc Mfg., Inc.*, 553 F. Supp. 1170, 1172 (N.D. Ill. 1982)

19. Judicial review of arbitration awards is limited, because courts cannot review the merits of arbitrators' decisions, and thus the Union is likely to succeed on the merits of this Motion to Confirm the arbitrator's award.

20. A preliminary injunction ordering the Employer to reinstate Grievant during the process of the court considering this Motion to Confirm would be just and proper.

**WHEREFORE, plaintiff requests:**

1. The Court enter a judgment declaring that Defendant is obligated to comply with the Arbitrator's award, and that Defendant has breached its obligation in failing and refusing to do so;

2. The Court order Defendant to comply with the award and make full back-pay restitution as directed by the Arbitrator, including pre-judgment interest on all wages and other monetary benefits due, and to reinstate Grievant to her previous position;

3. The Court order Defendant to immediately reinstate Grievant during the course of this litigation under a preliminary injunction;

4. The court award Plaintiff costs and reasonable attorney fees incurred in this action; and

5. Such other and further relief as may be just and proper.

Dated: July 5, 2016                         Respectfully submitted,

**YOUTZ & VALDEZ, P.C.**

            */s/ James A. Montalbano*
Shane Youtz
shane@youtzvaldez.com
Stephen Curtice
stephen@youtzvaldez.com
James A. Montalbano
james@youtzvaldez.com
900 Gold Avenue S.W.
Albuquerque, NM  87102
(505) 244-1200 – Telephone
(505) 244-9700 – Facsimile

*Counsel for Plaintiff*

I hereby certify that a true and correct copy
of the foregoing pleading was electronically

filed this 5th day of July, 2016, and mailed to the following parties:

Robert Monnaville, Esq.
robert.monnaville65@gmail.com
107 Summer Ridge Lane
Georgetown, TX  78633


Laurent Badoux
Greenberg Traurig, LLP
2375 E. Camelback Rd. Suite 700
Phoenix, AZ 85016
602.445.8543
badouxl@gtlaw.com



     */s/ James A. Montalbano*
James A. Montalbano